KELLY, J.
(dissenting). I agree with Justice MarkmAN’s conclusion and join all but part III of his opinion. I write separately to note that One 1958 Plymouth Sedan v Pennsylvania[1] is still valid and binding precedent of the United States Supreme Court. While the majority recognizes this point, it goes out of its way to make the argument that the underpinnings of that decision have been weakened. The cases cited by the majority in that regard are of no consequence in deciding whether One 1958 Plymouth Sedan is still good law. The Supreme Court has not overruled One 1958 Plymouth Sedan. In fact, that Court continues to recognize its viability. See e.g., United States v James Daniel Good Real Prop, 510 US 43, 49; 114 S Ct 492; 126 L Ed 2d 490 (1993) (stating that “the exclusionary rule applies to civil forfeiture”); Austin v United States, 509 US 602, 608 n 4; 113 S Ct 2801; 125 L Ed 2d 488 (1993) (stating that “the Fourth Amendment’s protection against unreasonable searches and seizures applies in forfeiture proceedings”). Therefore, this Court, like every court in the country, is bound by that decision unless the United States Supreme Court decides to overrule it.

 380 US 693; 85 S Ct 1246; 14 L Ed 2d 170 (1965).